UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, f/k/a John Hancock Mutual Life Insurance Company,<br>Petitioner,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>Respondent. | Civil Action No.<br><br>04-12081-MEL |

FILED
IN CLERKS OFFICE
2004 SEP 28 A 11:53
U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE Alexander

## PETITON TO CONFIRM ARBITRATION AWARD

Petitioner, John Hancock Life Insurance Company f/k/a John Hancock Mutual Life Insurance Company ("John Hancock"), petitions this Court pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, for a judgment confirming the Final Award entered in the Matter of the Arbitration Between John Hancock Life Insurance Company and Federal Insurance Company.

### THE PARTIES

1. Petitioner, John Hancock, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts.

2. Respondent, Federal Insurance Company ("Federal"), is an insurance company organized under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana. Federal is licensed to do business in the Commonwealth of Massachusetts by the Massachusetts Department of Insurance.

RECEIPT #_____
AMOUNT $ 150 -
SUMMONS ISSUED  1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE  9-28-04

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue lies in this district under 28 U.S.C. § 1391 and under the applicable provisions of the Federal Arbitration Act.

## CLAIM FOR RELIEF

5. John Hancock and Federal are parties to two Excess of Loss Reinsurance Agreements numbered AH0054594 and AH0054694 (collectively, the "Reinsurance Agreements"). Copies of the Reinsurance Agreements are attached hereto as Exhibits A and B.

6. Each of the Reinsurance Agreements contains an arbitration clause that provides in relevant part:

> Disputes between the parties arising out of this Reinsurance which cannot be resolved by compromise, including but not limited to any controversy as to the validity of this Reinsurance, whether such disputes arise before or after termination of this Reinsurance shall be submitted to arbitration.

7. As a result of Federal's failure to pay certain amounts owed under the Reinsurance Agreements, John Hancock demanded arbitration against Federal; and, as is required under the Reinsurance Agreements, a three member arbitration panel was chosen by the parties and convened to resolve the dispute.

8. On August 5, 2003, the Panel convened an organizational meeting in Boston, Massachusetts. Thereafter, the parties and the panel executed a Confidentiality Agreement,

which provides that, subject to Court approval, the Final Award of the Panel would be filed under seal. A copy of the Confidentiality Agreement is attached hereto as Exhibit C.

9. From July 12, 2004 through and including July 16, 2004, an arbitration hearing was held before the Panel in Boston, Massachusetts. During the hearing, fact and expert witnesses were presented to the Panel, and extensive documentary evidence was offered. Thereafter, on September 1, 2004, each party offered closing arguments to the Panel.

10. After reviewing and considering the parties' submissions and the oral arguments presented by counsel, the Panel issued its Final Award from Boston, Massachusetts on September 2, 2004 (the "Final Award"). Consistent with the Confidentiality Agreement entered into among the parties and the Panel, John Hancock will promptly move to file the Panel's Final Award under seal once this action has been docketed by the United States District Court.

11. By this Petition, John Hancock seeks to have this Court confirm the Final Award in accordance with the Federal Arbitration Act. This Petition is brought within one year after the Final Award was entered, as required under the Federal Arbitration Act, 9 U.S.C. § 9.

12. Neither party has sought to vacate, modify, or correct the Final Award.

**WHEREFORE,** Petitioner, John Hancock requests that this Court enter a Judgment:

1. Confirming the Panel's Final Award pursuant to 9 U.S.C. § 9;

2. Ordering that John Hancock be paid $704,115 within 45 days of the date of the Final Award;

3.  Granting John Hancock such other and further relief as this Court deems just and proper.

Dated: September 28, 2004

>
> John Hancock Life Insurance Company
>   f/k/a John Hancock Mutual Life Insurance Company,
> By its Attorneys,
>
> *[signature]*
>
> Allan E. Taylor
> Pamela S. Gilman
> Stephen Adams
> Taylor, Duane, Barton & Gilman, LLP
> 160 Federal Street, 5th Floor
> Boston, Massachusetts 02110
> Tel.: (617) 654-8200
> Fax: (617) 482-5350